711 So.2d 266 (1998)
STATE of Louisiana
v.
Adrienne HARRIS.
No. 97-K-0300.
Supreme Court of Louisiana.
April 14, 1998.
Rehearing Denied June 5, 1998.
*267 John W. Reed, Glass & Reed, New Orleans, for Applicant.
Richard P. Ieyoub, Atty. Gen., Walter P. Reed, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., for Respondent.
*268 TRAYLOR, Justice.[*]
The defendant, Adrienne Harris, was charged with the second degree murder of Richard Casnave. Defendant pled not guilty and the jury returned the responsive verdict of manslaughter. The trial judge sentenced the defendant to serve seventeen years at hard labor. We granted certiorari in this matter in order to determine whether it was reversible error to admit certain evidence regarding the victim's character. Because we find that any such error would only amount to harmless error, we affirm.

FACTS
The defendant and the victim had been living with each other for several years prior to the killing. On May 14, 1994, the defendant and victim had spent the evening drinking with friends and family. After the guests had left shortly after midnight on May 15, 1994, the two had an argument culminating in the victim allegedly striking the defendant and pushing her to the floor. When the victim left the room, the defendant went into another room and armed herself with a pistol. As the victim reentered the room, the defendant fired one shot, killing the victim almost instantly.

DISCUSSION
In her first assignment of error, the defendant argues that the trial court improperly allowed testimony from the victim's family members concerning defendant's conduct which might have "justified" the victim in hitting the defendant. The defendant further argues that the trial court erred in allowing testimony attempting to establish the victim's propensity for non-violence with other women with whom the victim had been involved. Specifically, defendant argues that the justification evidence was irrelevant and the testimony from the victim's two ex-girlfriends2 and his ex-wife was improper character evidence. Defendant further contends that the combination of the "justification" testimony and the evidence of the victim's non-violent character, when combined, encouraged the jury to treat the defendant less sympathetically and afford her a diminished right to defend herself.

Justification Testimony
During direct examination, defendant objected on relevance grounds to a question the State posed to Wanda Casnave, the victim's sister-in-law. The State asked, "Have you ever seen her acting in such a way with your brother-in-law that you might think that your brother-in-law might be justified to hit her?" Defendant objected to relevance and was overruled. The witness went on to relate an incident that occurred during a vacation.[1]
La.Code Evid. art. 401, defines "relevant evidence" as:
"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
We can discern no material fact which would be more or less likely regardless of the answer to the question at issue. The State argues that the question and testimony are highly probative in that they show that not every argument resulted in physical abuse and that it goes to show the type of relationship between the defendant and the victim. The State contends that the defendant opened the door to such testimony by eliciting testimony that the victim had beat the defendant the night of the killing. We are unpersuaded. While the violence, or lack thereof, in their relationship is material given the defendant's battered spouse defense, the question at issue does not tend to show such. Whether the defendant had ever done anything which would merit a battery by the victim does not tend to prove that their relationship was more or less violent. Whether or not the victim actually hit the defendant may be relevant; however, whether or not the witness believed that the defendant *269 deserved to be battered is not. The defendant properly objected to the question and the trial court should have sustained the objection as the question was irrelevant.

Character Evidence
In furtherance of her battered spouse defense, the defendant offered testimony from seven witnesses, including the defendant, that the victim had physically abused the defendant. In rebuttal to this testimony, the State offered testimony from three women with whom the victim had previously had intimate relationships. The testimony concerned the victim's propensity for non-violence with the women during the span of the relationships. The defendant argues on appeal that the testimony from the victim's former intimates was inadmissible as consisting of specific acts of conduct which, defendant asserts, are not admissible to prove the good character of the victim which may only be proved via reputation testimony. Defendant argues that the testimony regarding his lack of physically abusing his former spouse and girlfriends is specific instances of conduct which is inadmissible under La.Code Evid. arts. 404 and 405.
However, defendant objected at trial to the testimony at issue only on grounds of relevance. Defendant did not object to the testimony as inadmissible character evidence as she now asserts. Regardless, because we find that if admission of the evidence was in error such error was harmless, we need not address whether the evidence was improperly admitted under either the rules of relevancy or character evidence.

Harmless Error
Notwithstanding the erroneous admission of evidence, a verdict will not be reversed if the reviewing court, assuming that the damaging potential of the improperly admitted evidence is fully realized, determines that the error was harmless beyond a reasonable doubt. Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); State v. Wille, 559 So.2d 1321, 1332 (La.1990). "Reversal is mandated only when there is a reasonable possibility that the evidence might have contributed to the verdict." State v. Wille, 559 So.2d at 1332 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Factors to be considered include the importance of the evidence to the State's case, the presence or absence of additional corroboration of the evidence, and the overall strength of the State's case. State v. Wille, 559 So.2d at 1332.
Here, the defendant contends that the justification testimony, combined with the evidence of the victim's non-violent character, encouraged the jury to treat the defendant less sympathetically and that the jury therefore afforded her a diminished right to defend herself.
The facts of the case, along with the jury's selection of the responsive verdict of manslaughter, lead us to conclude that the complained of evidence clearly did not contribute to the verdict. The jury almost certainly credited the testimony of the six defense witnesses and the defendant herself, determining that the victim had indeed abused the defendant which explains why they determined that her homicidal act was manslaughter instead of murder, especially considering that the facts of this case arguably cannot support a finding of manslaughter. See La. R.S. 14:31. The defendant's own testimony is inconsistent with sudden passion homicide. Her testimony was that she killed the victim in self-defense, not in the heat of blood or sudden passion. The defendant did not shoot the victim immediately following the alleged abuse, the only possible provocation, and had ample time to depart as she had done numerous times before. She testified that following the abuse, she had time to get up, go from one room of the house into another, and go into a closet and get a shirt: all before retrieving the gun from a coat in the same closet.
Additionally, given the strength of the State's case, we find that it was the undisputed facts of the homicide, and not the complained of evidence, which kept the jury from acquitting the defendant altogether. The defendant shot the unarmed victim from across the room at a distance of twenty-five feet. She testified that she feared that the victim had gone into the kitchen to get a weapon; however, she did not testify that he came *270 back with a weapon nor was one found near his body. She offered no explanation as to why she did not simply depart as she had in the past, especially considering that she had to pass within feet of an exterior door on her way to the closet where she retrieved the gun.
Specifically addressing the complained of evidence, we first note that although the "justification" question should have been excluded, the answer simply related another story regarding the turbulent nature of the relationship between the victim and the defendant. The testimony did not contradict the testimony offered by the defense and arguably supported it. The fact that the described encounter did not result in violence does not contradict that other encounters did. Likewise, the testimony from the victim's former intimates that he never abused them does not contradict the overwhelming evidence that he did abuse the defendant. The defendant's assertion that the jury may have afforded the defendant less sympathy because they may have inferred that she deserved to be beaten is far too tenuous, and, given the jury's verdict and the strong case against the defendant, we find beyond a reasonable doubt that the complained of evidence did not contribute to the verdict.

Excessive Sentence
Defendant assigns as error that the seventeen year sentence imposed by the trial court is unconstitutionally excessive because the trial court deviated from the 60-90 month sentence recommended by the sentencing guidelines promulgated by the Louisiana Sentencing Commission. Defendant also asserts that the facts of this case mandate a lower sentence because the defendant was acting in self-defense when she killed the victim.
The Court of Appeal thoroughly and completely addressed this issue and we find no error in their finding or reasoning. State v. Harris, 95-1843 (La.App. 1 Cir. 11/8/96), 684 So.2d 976. Defendant's potential sentence was up to forty years. La. R.S. 14:31(B). The trial court did consider the guidelines and decided that an upward deviation was warranted. Where the court considers the guidelines and imposes a sentence beyond the guidelines, so long as the court adequately states the considerations and factual basis for the deviation, appellate review is limited to review of the sentence for constitutional excessiveness, without regard to the sentencing guidelines. State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237, 240 (on rehearing). The trial court carefully considered the facts of the case and determined that it was not the typical manslaughter case and thus an upward deviation was warranted. The court noted, inter alia, that the defendant could have easily escaped as she had in the past if she were truly concerned for her safety. The court stated that she instead intentionally went into the closet and retrieved the gun and when the victim, empty-handed, entered the room, she intentionally shot and killed him from across the room. As to defendant's assertion that she killed the victim in self-defense, that argument was tried to the jury, who found it lacking.
Given the potential sentence of forty years, the entirety of the record, and the trial court's reasoning, we find no error in the seventeen year sentence imposed.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
CALOGERO, C.J., and KIMBALL, J., dissent and assign reasons.
JOHNSON, J., dissents.
CALOGERO, Chief Justice, dissenting.
I dissent from the majority's view that the trial court's admission of the inadmissible evidence in this case was harmless error. Here, the defendant testified that she killed the victim in self defense as a result of being continuously battered over a period of years.
The inadmissible evidence allowed at trial went directly to the heart of this defense. The trial court improperly allowed the State to elicit testimony as to whether the victim was ever "justified" in hitting the defendant. Furthermore, the trial court allowed the testimony of two ex-girlfriends of the victim and *271 an ex-wife of the victim which attempted to set forth the implication that the victim was of a "non-violent" character, because he was never violent to any of these three witnesses. This evidence is also irrelevant.
When this improperly allowed evidence is scrutinized, unlike the majority, I cannot hold that beyond a reasonable doubt the complained of evidence did not contribute to the verdict.
In State v. Gibson, this Court stated that the harmless error rule was
Whether there is a reasonable possibility that the constitutional error complained of might have contributed to the conviction is a question of law to which our appellate jurisdiction extends. Although the standard requires a reviewing court to consider the evidence in order to determine if there is a reasonable possibility that the error had prejudicial effect, it does not permit a court to substitute for the verdict its judgment of what the jury would or should have decided in the absence of error.
Focusing on the incriminating quality of the tainted evidence is less intrusive on the jury's function than the overwhelming evidence test.
State v. Gibson, 391 So.2d 421, 427 (La.1980).
The majority seems to believe that because the jury found the defendant guilty of manslaughter, instead of second degree murder, the inadmissible evidence did not impermissibly influence the jury. I cannot say, however, that this is surely the case. Here, the majority should focus the potential influence of the inadmissible evidence on the defendant's possible acquittal. The majority should not merely hold that the admission of the inadmissible evidence was harmless because the defendant was found guilty of a lesser crime than that of which she could have been found guilty. What about the defendant's possibility of being acquitted?
The Louisiana Code of Criminal Procedure article 921 reads "A judgment or ruling should not be reversed by an appellate court because of any error, defect, or irregularity, or variance which does not affect substantial rights of the accused." See State v. Burnette, 353 So.2d 989, 993-94 (La.1978). In this case, the introduction of this particular inadmissible evidence in the context of the State's case, with a likely consequence that the erroneously admitted evidence might weigh heavily on a jury's determination of manslaughter versus acquittal, makes it evident that the substantial rights of the accused have been affected. Therefore, the admittedly erroneous ruling of the trial court in allowing the inadmissible evidence was, in my view, not harmless error.
KIMBALL, Justice, dissenting.
I disagree with the majority's conclusion that the erroneous admission of the challenged evidence in this case is harmless error. Defendant's defense was that she was a battered wife, and that when the victim went to the kitchen, after just having beaten her and threatening to kill her, she armed herself and shot him upon his return, believing he was going to try to kill her. The trial court improperly admitted testimony to the effect that the victim was justified in hitting the defendant and testimony by three former girlfriends of the victim that he was not violent with them during their relationships. The proper analysis for determining harmless error "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." State v. Quatrevingt, 93-1644, p. 16 (La.2/28/96), 670 So.2d 197, 206; State v. Everidge, 96-2647, p. 8 (La.12/2/97), 702 So.2d 680; State v. Hawkins, 96-0766 p. 5 (La.1/14/97), 688 So.2d 473, 478. In making this determination, the reviewing court must assume the "damaging potential" of the error was "fully realized." Hawkins, 96-0766 at p. 5, 688 So.2d at 478.
Whether or not defendant, in fact, shot and killed the victim was not at issue in this case. Thus, the strength of the State's case with respect to defendant's culpability for the homicide itself is not relevant with respect to a determination of whether or not the error was harmless. The primary determination to be made by the jury was whether the homicide was justifiable under La. R.S. 14:20, or whether the defendant was guilty of *272 manslaughter or second degree murder. Consequently, of paramount importance at trial was whether or not the defendant reasonably believed she was in imminent danger of losing her life or receiving great bodily harm and that killing the victim was necessary to save herself. When "fully realizing" the "damaging potential" of the improperly admitted testimony by prior girlfriends that the victim did not abuse or beat them, it is apparent this could only have served to diminish the jury's likelihood of believing the defendant's defense that she was a battered wife and had been beaten that night; considerations which go to the very heart of her justifiable homicide defense. I disagree with the majority's statement that the testimony from the former girlfriends does not even "contradict" the evidence he did abuse the defendant. It was directly contradictory, giving the jury reason to disbelieve defendant's justifiable homicide defense. I simply cannot agree that the guilty verdict actually rendered in this trial was surely unattributable to the error.
NOTES
[*] Lemmon, J., not on panel. See Rule IV, Part 2, § 3.
[1] Defendant also similarly complains of remarks made by the victim's father, Peter Casnave. However, defendant failed to object at trial and therefore may not object to them now. La.Code Crim. P. art. 841.