733 So.2d 624 (1999)
STATE of Louisiana
v.
Don M. ROCHON.
No. 98-KA-717.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*626 William Noland, Gregory K. Voigt, New Orleans, Attorneys for Appellant, Don M. Rochon.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, George C. Wallace, Jr., Assistant District Attorneys, Twenty-Fourth Judicial District Court, Gretna, Attorneys for Appellee.
Panel composed of Judges H. CHARLES GAUDIN, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.

STATEMENT OF THE CASE
On March 25, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant, Don M. Rochon, with illegal carrying of a weapon while in possession of cocaine, a violation of La. R.S. 14:95 E. Defendant plead not guilty, and on July 15, 1997, a jury of twelve persons was empaneled for trial. After trial and deliberations, the jury returned a verdict of guilty as charged. On July 24, 1997, the trial court sentenced defendant to seven years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant was given credit for time served. This appeal followed.

FACTS
Deputy C. Paul Abadie of the Jefferson Parish Sheriff's Office testified at trial that on March 15, 1997, at approximately 1:30 a.m., he and his partner, Johnny Heck, were patrolling a high crime and drug trafficking area in Avondale, Louisiana. The officers came upon a car stopped in the middle of the street. The officers noticed two occupants in the car and a pedestrian leaning inside the driver's window. Deputy Abadie testified that as they pulled up behind the car, the pedestrian ran and the car took off at a high rate of speed. Abadie and Heck followed the car while activating the flashing white headlights and blue dashboard lights in their unmarked police unit. A short chase ensued, and the car pulled over.
Deputy Abadie testified that as the car was pulling over, he saw the passenger, later identified as defendant, Don M. Rochon, open the door. Suspecting defendant may also try to flee on foot, Deputy Abadie immediately exited his unit, and asked defendant to step out of the car. *627 Deputy Abadie then saw defendant discard something out of the car. Deputy Abadie testified that as defendant exited the car, he knocked the object he had discarded under the car with his foot, and attempted to divert Deputy Abadie's attention by exiting the car with fast food chicken in his hand and mouth, and by trying to strike up a conversation with the deputy. Deputy Abadie told the jury that as he approached defendant, he noticed a silver object in defendant's jacket pocket, which he believed was a weapon. Deputy Abadie drew his gun and thereafter confiscated the object, a nine millimeter semi-automatic pistol.
Deputy Abadie testified that, after defendant was secured, he looked beneath the car on the passenger side and immediately noticed a clear plastic bag containing an off-white, rock-like substance. Charles Krone, a forensic scientist for the Jefferson Parish Sheriffs Office, who was qualified at trial as an expert in the field of forensic examination of controlled, dangerous substances, testified that the rock-like substance tested positive for cocaine.

DISCUSSION
In defendant's first five assignments of error, he alleges that the trial court erred by allowing highly prejudicial testimony from Sergeant Bruce Harrison, by allowing highly prejudicial comments and improper questions by the prosecutor in his cross examination of defendant, by impermissibly commenting on the evidence and requiring defendant to testify that the deputies lied, and by allowing the prosecutor to make highly prejudicial remarks in closing arguments.
Initially, we note that counsel for defendant did not object at trial to the alleged prejudicial testimony, comments, questions and remarks which are now assigned as errors in his brief.[1] La.C.Cr.P. art. 841A provides, in part, that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem and to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. State v. Soler, 93-1042 (La. App. 5 Cir.4/26/94), 636 So.2d 1069, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450, and 94-1361 (La.11/4/94), 644 So.2d 1055; State v. Styles, 96-897 (La.App. 5 Cir.3/25/97), 692 So.2d 1222, writ denied, 97-1069 (La.10/13/97), 703 So.2d 609. On appeal, defendant concedes that there were no contemporaneous objections, but urges this Court to review the issues nonetheless, arguing that appellate review is appropriate in these instances absent contemporaneous objections.
In State v. Hayes, 364 So.2d 923 (La. 1978), the Louisiana Supreme Court held that there were limited, judicially created exceptions to the contemporaneous objection rule. The one exception Hayes defined and addressed was a claim of improper statements made by the prosecution in closing argument. Citing U.S. v. Briggs, 457 F.2d 908, 912 (2nd Cir. 1972), the Court held that the standard for reversal for improper comments of the prosecutor is "if the summation was `so extremely inflammatory and prejudicial'... that allowing the verdict to stand would `seriously affect the fairness, integrity or public reputation of judicial proceedings.'" Hayes, at 926.
After review, the Hayes Court found "that the prosecutor's arguments were improper since they attempted to turn the verdict into a plebiscite on heroin and heroin dealers and predicted dire consequences for society as a whole if Hayes were set free." Hayes, at 926. However, *628 the Court held that "substantial evidence against defendant in the record prevents the errors in the prosecutor's argument from becoming such violations of due process rights that would require a reversal in the absence of defense objections." Hayes, at 927.
On appeal, defendant cites the discussion of Hayes in State v. Colligan, 95-880 (La.App. 3 Cir.8/7/96), 679 So.2d 184, where the Third Circuit Court of Appeal reviewed both a trial judge's and a prosecutor's remarks absent objections at the trial level. Colligan held that although La.C.Cr.P. art. 841
sets forth what appears to be a hard and fast rule, the jurisprudence has developed limited exceptions to its application. See State v. Lee, 346 So.2d 682 (La.1977). Additionally, the supreme court has noted "that a prosecutor's prejudicial comments in closing argument may be considered by a federal court to violate federal due process guarantees even in the absence of a defense challenge or objection at trial." Id. at 685. Using this due process reasoning, the supreme court has held that despite lack of timely objection by defense counsel to the prosecutor's closing argument, if the remarks are extremely inflammatory and prejudicial, then a reversal is required. See State v. Hayes, 364 So.2d 923 (La.1978) [quoting U.S. v. Briggs, 457 F.2d 908 (2d Cir.1972)]. Thus, despite the lack of a timely objection by defense counsel in this case, we find the issue is properly before us.
Colligan, at 189.[2]
With regards to defendant's first and second assignments of error, the alleged highly prejudicial testimony from Sergeant Bruce Harrison and the alleged highly prejudicial comments and improper questions by the prosecutor in his cross examination of defendant, we note that the relevancy or the prejudice of witness testimony is not one of the limited exceptions to the contemporaneous objection rule described in Hayes, Colligan, or our holding in State v. Francis, 95-194 (La.App. 5 Cir.11/28/95), 665 So.2d 596. These errors, if any, could easily have been addressed and corrected by the trial court with an objection. We decline to extend the limited exceptions to the contemporaneous objection rule to include alleged prejudicial errors in witness testimony. Accordingly, pursuant to La.C.Cr.P. art. 841 A, absent a contemporaneous objection, these issues are not properly before this Court.
In defendant's third and fourth assignments of error, he alleges that the trial court erred by impermissibly commenting on the evidence and requiring defendant to characterize the testimony of the arresting deputies as a lie or mistake. Again, defense counsel did not object to the trial judge's comments at trial. However, as the holding in Colligan, supra, delineated a specific exception to the contemporaneous objection rule for the alleged improper comments of a trial judge, we will review the merits of these claims.
During the cross-examination of defendant in this case, the prosecutor questioned defendant regarding the bag of cocaine found under the car, and the following colloquy took place:
Defendant:
I'm being direct. How can they bring back narcotics___
Mr. Wallace:
You're asking me a question, sir.
Defendant:
They can't bring back narcotics to their captain and say, "Hey, this is what we *629 found, but we have no suspect to link to it."
Mr. Wallace:
They planted it?
Defendant:
No, I don't___
Mr. Wallace:
Okay. So, they planted the evidence and they're lying.
Defendant:
I'm not saying that they planted anything.
Mr. Wallace:
Well, you better make up your mind, because it's a serious accusation.
Defendant:
It is.
Mr. Wallace:
They planted the evidence and they're lying about you? Because they took the oath. They testified. They said what happened. They said what they saw. They said what you did.
Mr. Brown [defense attorney]:
Your Honor,___
Defendant:
So, you're saying the police officers___
Mr. Brown:
Wait. Wait. Wait. I'm going to object, Your Honor. I sat here long enough; I've watched counsel argue with the witness, the defendant. And right how (sic) he's getting into argument. He's arguing with the defendant. He's actually badgering. If he's going to ask him a question, let him ask a question and let him answer.
The Court:
Overruled. The question was___ Maybe the witness didn't understand it. The question was: The officers testified they saw you drop something. He's asking you why they would lie about that. Do you have any reason why they would lie about that? Is that what you are asking?
Mr. Wallace:
That is the question.
In his third assignment of error, defendant argues that the above-cited comment by the judge was impermissible under La.C.Cr.P. art. 772, which provides that "[t]he judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted." However, it is clear from the transcript that the trial judge did not comment upon or recapitulate the evidence, repeat the testimony of any witness, or give an opinion as to what has been proved, not proved, or refuted. The statement by the trial judge was merely an effort to clarify the prosecutor's question.
In defendant's fourth assignment of error, he alleges that the comment by the trial judge also impermissibly required defendant to state that the law enforcement officers lied. Defendant cites United States v. Victoria, 837 F.2d 50 (2nd Cir. 1988) for the proposition that it is improper for a trial judge to compel a defendant to so testify. However, in the instant case, the trial judge did not directly question defendant. Further, the comment by the trial judge did not require any testimony from defendant, it was in response to defense counsel's objection and merely served to clarify the question asked. As such, the comment was not improper. These two assignments are therefore without merit.
In defendant's fifth assignment of error, he argues that the trial court erred by allowing the prosecutor to make "highly inflammatory and prejudicial remarks" in his closing argument. Again, it is noted that defendant failed to object to the prosecutor's remarks at trial. However, as the holdings in Hayes, supra, and Francis, supra, were directed specifically towards a prosecutor's alleged improper closing arguments, we will review the merits of this assignment.
*630 During closing argument in this case, Assistant District Attorney George Wallace made the following comments in rebuttal:
But if you vote to acquit this defendant you are calling these people [Deputies Abadie and Heck] liars. If you vote "not guilty," you are telling the world that these two people came into court and lied to you and did it deliberately and repeatedly. Are we clear on that, ladies and gentlemen?
* * *
Not one single witness took the stand in this case to corroborate a single bit of that ridiculous story he [defendant] told you.
* * *
You go back to the jury room and you let this young man, this defendant, know just how displeased you are with the fact that he wasted your time, that he lied to you and he tried to perpetrate a fraud in an American courtroom. Because under our way of life, this is almost as close as you get to church; that's what I believe. And that's why when you lie in Court, my blood pressure goes to the roof and the Irish comes out in me, because I take this stuff to be very sacred.
Defendant argues that these statements were personal, an improper plea to prejudice and went beyond the scope of proper argument.
The scope of argument is governed by La.C.Cr.P. art. 774, which states:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The State's rebuttal shall be confined to answering the argument of the defendant.
The jurisprudence has commonly held that although prosecutors are allowed broad latitude in choosing closing argument tactics, prosecutors may not resort to personal experience or turn argument into a plebiscite on crime. Nevertheless, a conviction is not reversed due to improper remarks during closing arguments unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. See State v. Langley, 95-1489 (La.4/14/98), 711 So.2d 651; State v. Eaton, 524 So.2d 1194, 1208 (La.1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989); and the cases cited therein.
In State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190, 200, cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995), the Louisiana Supreme Court noted that "much credit should be accorded to the good sense and fair mindedness of jurors who have seen the evidence and heard the arguments, and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence."
In the matter before us today, although the prosecutor's comments were personal and could be viewed as an improper plea to prejudice, considering the wealth of evidence presented against defendant, we are not "thoroughly convinced that the remarks influenced the jury and contributed to the verdict." State v. Hayes, supra; State v. Francis, supra.
In defendant's sixth assignment of error, he alleges that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, in that his trial counsel failed to object to the errors complained of in assignments one through five.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 *631 (La.1987). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993).
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, supra. To show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Soler, supra. Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983). Because there is no precise definition of reasonably effective assistance of counsel, any inquiry into the effectiveness of counsel must be specific to the facts of the case. State v. Peart, supra. It is not enough for a defendant to make allegations of ineffectiveness; the defendant must couple these allegations with a specific showing of prejudice. State v. Brogan, 453 So.2d 325 (La.App. 3 Cir. 1984), writ denied, 457 So.2d 1200 (La. 1984).
Since we have reviewed assignments of error numbers three, four and five in the absence of a contemporaneous objection (and found them to be without merit), there is no valid claim for ineffective assistance of counsel for failure to object therein. We will address an ineffective assistance claim for defendant's first two assignments of error.
As stated, in defendant's first assignment of error, he argues that the testimony of Sergeant Bruce Harrison was inadmissible because it was irrelevant and highly prejudicial, and accordingly, trial counsel was ineffective for his failure to object to its admission.
With some exceptions, all relevant evidence is admissible at trial. La. C.E. art. 402. Relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. The determination concerning relevancy of evidence is within the discretion of the trial judge whose rulings will not be disturbed in the absence of an abuse of discretion. State v. Winfrey, 97-427 (La.App. 5 Cir.10/28/97), 703 So.2d 63.
Notwithstanding the erroneous admission of evidence, a verdict will not be reversed if the reviewing court, assuming that the damaging potential of the improperly admitted evidence is fully realized, determines that the error was harmless beyond a reasonable doubt. Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); State v. Wille, 559 So.2d 1321, 1332 (La. 1990). "Reversal is mandated only when there is a reasonable possibility that the evidence might have contributed to the verdict." State v. Wille, 559 So.2d at 1332 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Factors to be considered include the importance of the evidence to the State's case, the presence or absence of additional corroboration of the evidence, and the overall strength of the State's case. State v. Wille, 559 So.2d at 1332.
State v. Harris, 97-0300 (La.4/14/98), 711 So.2d 266, 269.
In this case, Sergeant Harrison testified regarding the chain of custody of the evidence. He also testified that he "field tested" the substance in the clear *632 plastic bag recovered by Deputy Abadie, and that he received a positive result for the presence of cocaine. In his capacity as an expert in the field of the use, packaging and distribution of street-level narcotics, Sergeant Harrison testified that the amount of cocaine found, in combination with the weapon and the amount of cash found on defendant's person, tended to indicate a "possession with intent to distribute" cocaine.
The crux of this assignment is that Sergeant Harrison's opinion of a "possession with intent to distribute" scenario improperly prejudiced the jury and led them to believe defendant was guilty of a crime more serious than that with which he was charged. We agree with defendant that this statement by Sergeant Harrison was not relevant and should not have been admitted at trial. However, after a thorough review of the record, we are convinced beyond a reasonable doubt that this irrelevant testimony did not contribute to the verdict.
Notwithstanding the irrelevant testimony of Sergeant Harrison, there was clearly enough evidence presented at trial for the jury to find defendant guilty beyond a reasonable doubt of La. R.S. 14:95 E. To violate 14:95 E, the State need only prove defendant was in possession of a firearm while in possession of a controlled dangerous substance. At trial, defendant admitted that he was in possession of a gun at the time of his arrest. The only question for the jury was whether or not defendant was also in possession of cocaine.
Upon review, we find that the importance of Sergeant Harrison's testimony to the State's case was minimal. Other than possibly testifying about the chain of custody, Sergeant Harrison's testimony was not necessary for the State to prove its case. The primary arresting officer, Deputy Abadie, testified that he saw defendant drop the bag of cocaine out of the car, then attempt to nonchalantly knock it under the car with his foot while attempting to divert Deputy Abadie's attention. Deputy Abadie also testified that after securing defendant, he went to the spot where he saw defendant knock the bag under the car and recovered the bag, which later proved to contain cocaine.
Furthermore, the other officer on the scene, Deputy Heck, who was driving the unmarked police unit, testified that he saw defendant lean out of the car as it was coming to a stop, then "kind of stumble" as defendant got out of the car. Since he was exiting the police unit on the driver's side, Deputy Heck could not see what defendant was doing, but from defendant's suspicious actions, Deputy Heck believed "he was up to something." Additionally, at trial, Deputy Heck identified the bag of cocaine (admitted into evidence as State's Exhibit No. 4) as that which was recovered by his partner, Deputy Abadie, from under the car which defendant exited.
With regards to defendant's ineffective assistance of counsel claim for failure to object to the irrelevant testimony of Sergeant Harrison, we find that defendant's trial counsel's performance was deficient in that he failed to object to this irrelevant testimony. However, we find that had trial counsel properly objected, and had the irrelevant testimony been properly excluded, the outcome of the trial would not have been different. Accordingly, pursuant to Strickland v. Washington, supra, trial counsel was not ineffective for failing to object to its admission.
In defendant's second assignment of error, he argues that trial counsel was ineffective for failing to object to the State's cross-examination of defendant, which, he alleges, included many prejudicial and irrelevant questions.
The right to cross-examination is guaranteed by both the federal and state constitutions. Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). The three main functions of cross-examination *633 are: (1) to shed light on the credibility of the direct testimony; (2) to bring out additional facts related to those elicited on direct; and (3) to bring out additional facts which tend to elucidate any issue in the case. State ex rel. Nicholas v. State, 520 So.2d 377, 380 (La.1988). The scope of cross-examination is governed by La. C.E. art. 611 B, which provides in pertinent part that a "witness may be cross-examined on any matter relevant to any issue in the case, including credibility." When a defendant takes the stand in his own behalf, he waives his protection against self-incrimination and is subject to cross-examination just as any other witness. State v. George, 346 So.2d 694 (La. 1977).[3]
In this assignment, defendant enumerates selected passages in the transcript to illustrate his point, but argues that the cross-examination as a whole, particularly the State's questioning defendant about his "training" at the police academy, and his job with a security company, was prejudicial. Defendant testified that he owned the gun he was carrying because he was training to be a police officer, and that he was wearing a uniform at trial because he had just come from his job as a security officer. A review of the record shows that the prosecutor was challenging the truthfulness of defendant's assertions, and thus attacking defendant's credibility. Cross-examination is the primary means by which the veracity of a witness is tested. State v. Hillard, 398 So.2d 1057 (La.1981), appeal after remand, 421 So.2d 220 (La. 1982).
Upon review, we find that the prosecutor's cross-examination of defendant does not go beyond that allowed by La. C.E. art. 611 B or the above-cited jurisprudence. Accordingly, trial counsel was not ineffective for failing to object to the alleged improper cross-examination of defendant.
In defendant's final assignment of error, he argues that due to the other assignments of error, defendant's trial lacked the fundamental fairness guaranteed by the Louisiana and United States Constitutions.
The combined effect of assignments of error, none of which warrant reversal, do not deprive a defendant of his right to a constitutionally fair trial. See State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218, 239, and the cases cited therein. As all of defendant's other assignments have been fully addressed herein, defendant presents nothing new for this Court to review by this assignment of error. A defendant is not entitled to a perfect trial, only a fair one. Id. We have thoroughly reviewed the record before us and have determined that defendant received a constitutionally fair trial. Accordingly, this assignment is without merit.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent. La.C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform defendant. Therefore, the trial court is hereby ordered to send written notice of the prescriptive period to defendant within ten days of the rendering of this Court's opinion, then file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir.9/14/94), 643 So.2d 1289.
We also note, for purposes of an errors patent discussion, that defendant's sentence of seven years at hard labor, without benefit of probation, parole, or suspension *634 of sentence, was illegally lenient. Defendant was convicted under La. R.S. 14:95 E, which provides in pertinent part:
If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. [Emphasis ours.]
As defendant's sentence in the instant case was imposed without a fine, the sentence was illegally lenient. However, when defendant alone has appealed and the State has neither answered nor raised the issue on appeal, an appellate court may not amend or set aside an illegally lenient sentence on its own motion. State v. Fraser, 484 So.2d 122 (La.1986).
For the foregoing reasons, defendant's conviction and sentence in this matter are hereby affirmed. This case is remanded to the trial court for further action consistent with this opinion.
AFFIRMED; REMANDED.
NOTES
[1] It should also be noted that defendant's trial counsel is not the same as his appellate counsel.
[2] This Court has similarly cited State v. Hayes, supra, stating that "despite the lack of an objection, extremely prejudicial and inflammatory remarks require reversal." State v. Francis, 95-194 (La.App. 5 Cir.11/28/95), 665 So.2d 596, 603. However, like the Supreme Court in Hayes, this Court only addressed alleged improper remarks of the prosecution during closing arguments and found that they were not inflammatory enough to warrant reversal.
[3] Although State v. George was decided under the former La. R.S. 15:462, which was replaced by La. C.E. art. 611, the Official Comments to La. C.E. art. 611 state that "[t]here is no intent to change the rule that a defendant who takes the witness stand in a criminal case is regarded as any other witness and is subject to examination on the whole case as was provided under former R.S. 15:462."