839 So.2d 176 (2003)
STATE of Louisiana
v.
Roland J. DAVIS.
No. 2002-KA-2059.
Court of Appeal of Louisiana, Fourth Circuit.
January 22, 2003.
*177 Harry F. Connick, District Attorney, Julie C. Tizzard, Assistant District Attorney, New Orleans, LA, For Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
STATEMENT OF THE CASE
Defendant Roland J. Davis was charged by bill of information on April 5, 2002 with distribution of a substance falsely represented to be a controlled dangerous substance, a violation of La. R.S. 40:971.1. Defendant pleaded not guilty at his April 10, 2002 arraignment. On June 10, 2002, defendant was tried and found guilty as charged by a six-person jury. On July 26, 2002, the trial court denied defendant's motions for new trial and for post-verdict judgment of acquittal. Defendant waived all legal delays and was sentenced to forty months at hard labor with credit for time served. The trial court denied defendant's motion to reconsider the sentence. On that same date, defendant pleaded guilty to being a third-felony habitual offender. Defendant waived all legal delays, and the court vacated the original sentence and resentenced defendant to the same sentence, forty months at hard labor with credit for time served. The trial court granted defendant's motion for appeal on July 26, 2002.
FACTS
New Orleans Police Department Detective Jeff Keating testified that at 10:00 p.m. on February 6, 2002, during Mardi Gras, he was working in an undercover capacity in the 500 block of Bourbon Street. Defendant approached him. The two made eye contact, and defendant asked if he was looking for anything. Det. Keating replied that he was looking for something to party with. Defendant said he had ecstasy, which Det. Keating knew to be a Schedule I narcotic. The detective indicated he was interested, and defendant said they were twenty dollars a tablet. Det. Keating said he would take one, and handed defendant a twenty-dollar bill. Defendant accepted the money, and put it into his right pants pocket. Defendant then removed a circular black plastic container from his left pants pocket, opened it, and removed a tablet from it. After the transaction was completed, Det. Keating gave a prearranged signal to other officers, who arrested defendant three to five steps away from Det. Keating. Det. Keating identified the black plastic container in evidence, and the tablet he purchased from defendant.
It was stipulated by the State and defendant that criminalist John Palm Jr., if called as a witness, would testify that the tablet defendant sold Det. Keating, and eleven other tablets and the plastic container they were in, tested negative for any controlled dangerous substance.
New Orleans Police Officer Sergeant Michael Lohman and Det. David Lemoine *178 were standing a few feet away from Det. Keating at the time of the sale. Sgt. Lohman observed everything. He and Det. Lemoine arrested defendant after being signaled by Det. Keating. Det. Lohman recovered the twenty-dollar from defendant's right front pants pocket and the black plastic container with eleven tablets from defendant's left front pants pocket. Det. Lohman identified the evidence. Det. Lohman admitted on cross examination that, based on his experience and the appearance of the tablets, he did not believe they were controlled dangerous substances, but instead were counterfeit. He said the testing confirmed his belief. Det. Lohman conceded that one or two pedestrians might have walked between him and Det. Keating and defendant during the sale. However, the detective maintained that his view of the sale had not been obscured.
Defendant, testifying in his own behalf, admitted to two convictions for possession of cocaine and one for solicitation of prostitution. He stated that Det. Keating approached him and inquired about marijuana. He told the officer he did not fool with marijuana. The detective noticed the pillbox in his hand, and asked what was inside. Defendant said he opened the box and took out a pill, and the next thing he knew he was being handcuffed. He said no one gave him any money. He claimed to have told the officer where he could purchase a whole box of the pills at a herb/import shop two blocks from where they were standing. He said he had just left the herb/import shop; he used to work there. Defendant saw an officer he knew at the police station, and that officer talked to one of the arresting officers and returned to tell defendant that police did not have anything on him and would let him go if he gave them a "drug deal."
Defendant was asked on cross examination why the officers conspired to arrest him. He said there were a lot of reasons, such as they just wanted to make an arrest. He had paid twenty-five dollars for the herb pills that evening, and had no other money. When Det. Keating asked about the pills he had, defendant told him it was herbal ecstasy. He said he opened the box and the detective took the pill out of the box. Defendant said one of his cocaine convictions arose out of an arrest in the French Quarter area. On the day he was arrested for the instant offense, defendant was waiting for his girlfriend to get off work at a coffee shop across the street from the herb shop.
ERRORS PATENT
A review of the record reveals no errors patent.
ASSIGNMENT OF ERROR NO. 1
In this first assignment of error, defendant claims that the evidence is constitutionally insufficient to sustain his conviction.
This court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988).

*179 The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
Defendant was convicted of violating La. R.S. 40:971.1, which provides:
A. It shall be unlawful for any person to produce, manufacture, distribute, or dispense any substance which is represented to be a controlled dangerous substance and which is an imitation controlled dangerous substance, or any controlled dangerous substance which is a counterfeit controlled dangerous substance.
In State v. Pierre, 500 So.2d 382 (La. 1987), cited by defendant, the court stated:
The culpable mental element in R.S. 40:971.1 is the representation underlying the nature of the substance. It is impossible for one to unknowingly represent that a substance is an illegal drug or narcotic. When one "represents," he acts with intent. Thus, the criminal intent required by the statute is implicit in the word "represented." The state bears the burden of proving the offender's criminal intent by showing that the offender produced, manufactured, distributed or dispensed a substance which he represented to be a controlled dangerous substance.
500 So.2d at 384-385.
Defendant notes that the commercial herb pill box was labeled "ecstasy." When cross examining defendant, the prosecutor referred to the pill box as stating "psychodelic [sic] ecstasy." Defendant submits that, viewing the evidence in light most favorable to the prosecution, "the evidence showed that [he] claimed the pill was `ecstasy'," that in fact it was ecstasyherbal ecstasyand that sale of herbal ecstasy is not a crime.
Det. Keating testified that he told defendant he was looking for something to party with. According to Det. Keating, defendant replied that he had some "ecstasy." Defendant contradicted that, stating that he told the detective it was "herbal ecstasy." Det. Keating testified that he knew ecstasy to be a Schedule I narcotic (controlled dangerous substance). The detective paid twenty dollars for one tablet of *180 the substance, which was some sort of herbal product labeled "psychedelic ecstasy." There was no testimony that twenty dollars was common street price for one tablet of ecstasy. However, defendant had eleven more tablets of the substance in a small container, and admitted that he had purchased the container of tablets that evening for twenty-five dollars from a herbal shop in the French Quarter. The fact that defendant sold this single tablet for twenty dollars evidences his intent to represent the product as the controlled dangerous substance Det. Keating knew as ecstasy.
Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that defendant distributed the tablet to Det. Keating, knowingly representing it to be the controlled dangerous substance commonly referred to as ecstasy, but which in fact effectively was an imitation/counterfeit controlled dangerous substance.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 2
In the second of his two assignments of error, defendant claims that the trial court erred in overruling his objections to parts of the prosecutor's closing argument, which defendant asserts referred to other crimes committed by defendant. The prosecutor attacked defendant's credibility in closing argument, noting that, because defendant testified in his own behalf, the jury had a right to know he had prior convictions, including one from an arrest in the French Quarter. The prosecutor further noted that defendant had been arrested for the instant offense while in the French Quarter.
Defendant admitted his prior convictions when he testified. La. C.E. art. 404(B) bars use of evidence of other crimes to prove the character of a person in order to show that he acted in conformity therewith. However, La. C.E. art. 609.1 provides that every witness in a criminal case who testifies subjects himself to examination relative to his criminal convictions on the issue of credibility. Thus, the prosecutor's reference to the fact of the convictions in his closing argument attacking defendant's credibility was proper.
While the fact of the convictions is admissible to attack credibility, La. C.E. art. 609.1(C) bars reference to details of those convictions, except in limited circumstances, none of which are applicable in the instant case. In the instant case defense counsel made two general objections, without specifying the ground therefore, immediately after the prosecutor referred to the prior convictions and details thereof. After the jury had retired, the trial court entertained objections, and defense counsel made a more specific objection that the prosecutor had improperly referred to details of the convictions and made a "pattern" argument. This referred to the prosecutor's comment that one of the prior convictions arose from an arrest in the French Quarter, and that the arrest in the instant case also occurred in the French Quarter. The trial court noted the objection for the record.
We note that defense counsel did not request a mistrial, or an admonition to the jury. Defendant submits that asking for an admonition or mistrial "was pointless," and argues that his conviction should be reversed because he was prejudiced by the prosecutor's pattern argument. However, defendant's remedy in this instance was to move for mistrial pursuant to La. C.Cr.P. art. 775, providing that on motion of a defendant a trial court shall grant a mistrial where prejudicial conduct in or *181 outside of the courtroom makes it impossible for a defendant to obtain a fair trial.[1] Defendant cannot now argue reversible error where he failed to move for a mistrial. See State v. Robinson, XXXX-XXXX (La.App. 4 Cir. 4/11/01), 784 So.2d 781 (reversing conviction on ground counsel ineffective in failing to move for a mistrial after prosecutor's reference to inadmissible other crimes during rebuttal argument), reversed, XXXX-XXXX (La.4/26/02), 816 So.2d 846 (appellate record insufficient to determine whether failure to move for mistrial strategic decision).
Accordingly, there is no merit to this assignment of error.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The prosecutor's reference to the details of the prior convictions would not fall under the mistrial provisions of La. C.Cr.P. art. 770(2), which bars reference to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. Even under this statute, the defendant must move for the mistrial.