956 So.2d 843 (2007)
STATE of Louisiana, Appellee,
v.
Milton MOSBY, Appellant.
No. 42,519-KH.
Court of Appeal of Louisiana, Second Circuit.
May 18, 2007.
*844 MILTON MOSBY, Pro se.
J. Schuyler Marvin, District Attorney, for Appellee.
Before STEWART, PEATROSS and MOORE, JJ.
On February 9, 2007, Milton Mosby was convicted of a misdemeanor count of issuing a worthless check to Matranga Motors. He was sentenced to six months in the parish jail, suspended, and a fine of $250.00. He was also ordered to pay restitution in the amount of the check and fees. On March 9, 2007, he filed a notice of intent to seek writs complaining that his conviction was contrary to the law and evidence because there was insufficient evidence to establish an "intent to defraud."
On or about April 1, 2004, the defendant issued a check to Matranga Motors for vehicle repairs. The check was drawn on the defendant's account at Hibernia National Bank in the amount of $250.00. When the check was presented for payment on or about April 5, 2004, there were insufficient funds in the account to cover it. Accordingly, the check was returned to Matranga Motors. Donna Thornhill, Matranga Motors office manager, testified that on April 20, 2004, she sent defendant a certified letter, return receipt requested, notifying him that his check had been returned. Defendant failed to make payment on the check prior to trial.
*845 Under La. R.S. 14:71, to obtain a conviction for issuing of a worthless check the state is required to prove beyond a reasonable doubt that: (1) defendant issued, in exchange for anything of value, whether the exchange is contemporaneous or not; (2) a check, draft or order for the payment of money upon any bank or other depository; (3) knowing at the time of the issuing that the account on which drawn has insufficient funds with the financial institution on which the check is drawn to have the instrument paid in full on presentation; and (4) the instrument was issued with intent to defraud. La. R.S. 14:71. Subparagraph A(2) creates a statutory rebuttable and permissible presumption of the issuer's intent to defraud when the offender fails to pay the amount of the worthless check within 10 days of the receipt of notification by certified mail of nonpayment of the check, sent to the address shown on the check or the address shown in the records of the bank on which the check was drawn.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia, supra. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d *846 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994); State v. Owens, supra.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La. App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
Defendant argues that there was insufficient evidence to prove (1) an intent to defraud and (2) that he knew at the time he issued the check that there would be insufficient funds for the payment of same upon presentment. Defendant relies on the statement from his bank account covering the period of March 18, 2004 through April 19, 2004, which indicates that on April 1, 2004, he had a balance of $556.91, an amount sufficient to cover the check issued that date. Defendant argues that because he had sufficient funds in account as of that date, the state failed to prove that he knew at the time he issued the check that it would be dishonored for insufficient funds.
A review of the bank statement, however, indicates that on April 2, 2004, the day after the check was written, the defendant's bank account balance was $197.76, an amount insufficient to cover the outstanding check to Matranga Motors. Furthermore, in the days that followed his bank account became overdrawn and remained so until at least April 19, 2004, the last day of the bank statement submitted by the defendant. Based on this evidence, we find no error in the trial court's conclusion that the defendant knew at the time of issuance that he would have insufficient funds to cover the check.
On the intent to defraud question, we find the evidence was sufficient to establish the rebuttable presumption provided for in La. R.S. 14:71(A)(2). Ms. Thornhill indicated that a letter notifying the defendant of the nonpayment was mailed to him on or about April 20, 2004, to the address printed on his check. The defendant signed for the letter on May 7, 2004. Lastly, Ms. Thornhill testified that he never made payment on the check. While the defendant contradicted Ms. Thornhill's version of events, the conflict between the two goes to the weight of the evidence, not its sufficiency. State v. Allen, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
For the foregoing reasons, we find the evidence is sufficient to support the defendant's conviction. Accordingly, the defendant's conviction and sentence are hereby affirmed.