973 So.2d 780 (2007)
STATE of Louisiana
v.
Judy A. MARIE.
No. 07-KA-397.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Adrea F. Long, Thomas S. Block, Assistant District *781 Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant:
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish Grand Jury returned an indictment on December 12, 2002, charging defendant, Judy Marie, with one count of aggravated rape in violation of LSA-R.S. 14:42 and one count of indecent behavior with a juvenile in violation of LSA-R.S. 14:81. She pled not guilty and filed numerous pre-trial motions, including a motion to quash the indictment, motion to suppress her statement, and motion to suppress the evidence, all of which were denied after a hearing. Defendant subsequently entered into a plea agreement with the State whereby she withdrew her not guilty pleas and pled guilty to the amended charge of forcible rape and the charged offense of indecent behavior with a juvenile. In accordance with the plea agreement, the trial court sentenced defendant on count one to twenty-eight years at hard labor, the first two years being without benefit of parole, probation, or suspension. As to count two, the trial court sentenced defendant to seven years at hard labor and then ordered that the two sentences run concurrently.
Thereafter, the State filed a multiple offender bill of information alleging defendant to be a second felony offender based on the underlying forcible rape conviction and a previous conviction for possession of hydrocodone and alprazolam. As part of the plea agreement, defendant stipulated to the allegations contained in the multiple bill. Her sentence on count one was vacated and she was resentenced as a second felony offender to twenty-eight years without the benefit of probation or suspension of sentence and the first two years being without parole, probation, or suspension of sentence. The enhanced sentence was ordered to run concurrently with defendant's sentence on count two.
Defendant now appeals, seeking to withdraw her guilty, plea on the basis it was obtained under duress. We first note that in her appellate brief, defendant points to no evidence and makes no argument to support her claim that her guilty plea was obtained under duress. She merely cites one case that sets forth the general standard for the withdrawal of a guilty plea. Pursuant to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. Restating an assigned error in brief without argument or citation of authority does not constitute briefing. State v. Lauff, 06-717 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819. In State v. Fernandez, 03-987 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770, this court found that the defendant failed to brief his position where he merely asserted his position, but failed to include argument or any legal citation in support thereof. The Fernandez court found that the assertions presented nothing for review on appeal. Likewise, defendant's simple assertion in this case that her plea should be withdrawn because it was obtained under duress presents nothing for our review.
Even though we find that this assignment was abandoned, we note the record indicates that prior to accepting her guilty plea, the trial court conducted a plea colloquy with defendant advising her of her right to a jury trial, right to confront her accusers and right against self-incrimination. *782 The trial court specifically advised defendant that no one could force her to plead guilty and asked if anyone had used force, intimidation, coercion, or promise of reward against her or any member of her family for the purpose of forcing or making her plead guilty to which defendant responded, "No, sir." Additionally, defendant executed a waiver of rights form where she was advised of her rights and indicated she wished to waive them. The form also advised her that no one could force her to plead guilty and asked if anyone had used force, intimidation, coercion, or promise of a reward in an attempt to force her to plead guilty. In accepting defendant's guilty plea, the trial court specifically stated that it found her plea to be knowing and intelligent and free and voluntary.
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent.
For the reasons set forth herein, we affirm defendant's convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.