MARION F. EDWARDS, Chief Judge.
 

 | gDefendant/appellant, Paul Collins (“Collins”), appeals his conviction and sentence on a charge of issuing a worthless check in violation of La. R.S. 14:71. Upon review, we reverse the conviction and sentence and enter a judgment of acquittal.
 

 Collins was charged with the offense when a $5,000 check he wrote to Freddie Allen (“Allen”) on August 18, 2006 for partial payment on a contract between the parties was returned for insufficient funds. Collins was arraigned and entered a plea of not guilty. After a bench trial on the merits, Collins was found guilty as charged and sentenced to serve two years at hard labor.
 
 [1]
 
 The trial court suspended the sentence and placed Collins on active probation for two years. Collins filed a timely appeal that was granted.
 

 FACTS
 

 Both Collins and Allen testified at trial. According to that testimony, Collins is the owner of Westchester South Properties, L.L.C.
 
 [2]
 
 (“Company”), a real estate holding company operating in the Baton Rouge
 
 *137
 
 area. In July 2006, Collins entered into a verbal contract with Allen to provide the labor to operate heavy | ^equipment needed to clear a site in Baton Rouge of underbrush and trees and other vegetation debris. After clearing the site, Allen was to burn the debris and lightly grade the land. The agreement was reduced to writing by Allen on August 9, 2006. The document is simple and provides the following: “Grub site, grub around trees, take up stumps, burn debris. Do not take down no [sic] trees. When job is half finish [sic] will receive one half moneys [sic] due.” The total amount due on the contract is $10,000.
 

 Collins testified that he was dissatisfied with Allen’s work on the project and spoke to him about it. Collins maintains Allen was to supply two workers to operate the heavy equipment. Based on that agreement, the Company leased two pieces of equipment. However, Allen only supplied one worker and, as a result, the project went much longer than originally estimated, causing the Company to expend an additional $20,000 for equipment rental. Nevertheless, Collins wrote the check for $5,000 on August 18, 2006 for half the amount due under the contract.
 

 However, subsequently, he went to Allen’s home to discuss completion of the job. Collins stated that Allen had failed to clean the equipment, and there was still “grub” remaining on the site. Further, the debris had not been burned and the area had not been graded. Collins also discussed the cost overruns caused by Allen’s failure to do the job as agreed. According to Collins’ testimony, Allen tried to press for the final payment of $5,000. When Collins refused to pay that, Allen indicated he had taken on another job and would not return to the Company’s work site. Collins stated that he told Allen not to negotiate the original $5,000 check because the funds would not be in the bank.
 

 Collins testified that the Company had in excess of $7,000 in the checking account when he wrote the check to Allen in August. However, after his meeting |4with Allen, Collins attempted to stop payment on the check but was unable to do so. Collins explained that, at the time he wrote the check, he was confident Allen would complete the job and had sufficient funds in the bank to cover the check. But, after his meeting with Allen, he was certain that Allen would not complete the job. Collins testified that it was never his intention to cheat or defraud Allen.
 

 Allen’s testimony corroborates that of Collins insofar as the written agreement was a contract between the parties and that a check was given to him by Collins for $5,000 when the halfway mark on the work was done. However, Allen maintains he completed all of the work under the contract except the burning of the debris. Allen explained that he did not get a permit to burn the piles of debris and was stopped by Baton Rouge fire officials when smoke from the fire caused traffic problems on a nearby road. Allen went back the next day, but the backhoe was gone, so he could not continue with the disposal of the debris.
 

 Allen stated that he completed the work under the contract and was owed the entire amount. He testified that, when he deposited the check Collins had given him, it was returned for insufficient funds. Allen also testified that he sent a demand notice to Collins for the $5,000, but he admits it was sent to an incorrect address and probably never reached Collins. He called the district attorney and proceeded with criminal charges. Allen did not file a civil suit in the matter.
 

 The State presented testimony from Monica Dupeire, Vice President and Security
 
 *138
 
 Officer for First Bank & Trust. She came in response to a subpoena duces tecum for the Company’s bank records as the custodian of those records. Ms. Dupeire testified that check No. 1633, dated August 18, 2006 and made payable to Allen, was presented for payment of September 12, 2006, and it was returned for insufficient funds. The check was again presented for payment on September 22, |52006 and was again marked NSF. It was also marked not to be presented for payment again.
 

 The Company’s bank records introduced show that the balance on August 31, 2006 was $7,342.53. On September 1, 2006, the balance was $5,977.53. However on September 12, 2006, when the check was presented for payment, the balance was insufficient to cover the $5,000 check and would have created a deficit balance of $3,617.95. Because the Company had no overdraft protection on the account, the $5,000 was returned for insufficient funds.
 

 After considering the testimonial and documentary evidence, the trial court rendered a verdict of guilty as charged.
 

 LAW AND ANALYSIS
 

 On appeal, Collins maintains the State presented insufficient evidence to sustain the trial court’s verdict of guilty as charged to issuance of a worthless check. Collins contends that no reasonable trier of fact could have found that he was guilty of issuing a worthless check, because the evidence showed there were sufficient funds to cover payment of the check at the time it was issued. Collins also asserts that the trial judge erroneously considered not only the point in time that the check was written, but also when it was presented for payment by the holder. He further argues there was not sufficient evidence to prove that Collins intended to defraud Allen.
 

 The State responds that the evidence was sufficient to establish that Collins had the intent to defraud and that he knew at the time he issued the check he would have insufficient funds to cover the check since he intended to go to the bank to remove those funds.
 

 In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in | fithe light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
 
 [3]
 

 In cases involving circumstantial evidence, the trial court must instruct the jury that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
 
 [4]
 
 The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
 
 [5]
 

 In the matter before us, Collins was convicted of issuing a worthless check, a violation of La. R.S. 14:71. To obtain a conviction for issuing a worthless check, the State is required to prove beyond a reasonable doubt that: (1) defendant issued, in exchange for anything of value, whether the exchange is contemporaneous
 
 *139
 
 or not; (2) a check, draft or order for the payment of money upon any bank or other depository; (3) knowing at the time of the issuing that the account on which drawn has insufficient funds, and the defendant has insufficient credit with the financial institution on which the check is drawn to have the instrument paid in full on presentation; and (4) the instrument was issued with intent to defraud.
 
 [6]
 
 •
 

 Subparagraph (A)(1)(f), (2) of La. R.S. 14:71 creates a statutory rebuttable and permissible presumption of the issuer’s intent to defraud when the offender fails to pay the amount of the worthless check within ten days of the receipt of notification |7by certified mail of nonpayment of the check, sent to the address shown on the check or the address shown in the records of the bank on which the check was drawn.
 
 [7]
 

 The State refers this Court to
 
 State v.
 
 Mosby,
 
 [8]
 
 and
 
 State v.
 
 Washington,
 
 [9]
 
 in support of its position that its burden of proof was met and the evidence was sufficient to convict Collins. In
 
 Mosby,
 
 defendant wrote a $250 check to Matranga Motors for vehicle repairs on April 1. When the check was presented for payment on April 5. there were insufficient funds in the account to cover it. A letter notifying defendant of the nonpayment was mailed to defendant, which defendant signed for; however, he never made payment. On appeal, defendant argued that there was insufficient evidence to prove that he had the intent to defraud and that he knew at the time he issued the check there would be insufficient funds for the payment of it upon presentation. Defendant asserted that his bank statement showed a balance of $556.91 on April 1, an amount sufficient to cover the check issued that date. The Second Circuit noted the bank statement showed that, on the next day, April 2, the balance was $197.76, an amount insufficient to cover the outstanding check to Matranga Motors. The Second Circuit also noted that evidence was sufficient to establish the rebuttable presumption of fraud provided for in La. R.S. 14:71(A)(l)(f), (2) because a certified letter was sent to defendant. Based on that evidence, the Second Circuit found no error in the trial court’s conclusion that defendant knew at the time of issuance that he would have insufficient funds to cover the check, and he did not rebut the presumption of intent to defraud.
 

 | sIn
 
 Washington,
 
 defendant bought a new car on April 1 by writing a check for $5,000 to Twin City Pontiac/Jeep for the down payment and by financing the remainder. The check was deposited on April 5 and returned to the dealer because of insufficient funds. A registered letter demanding payment was mailed to defendant and received by her, but she did not respond. Defendant ignored repeated demands to pay off the check or return the car, and she did not pay any monthly installment due under the financing contract. Six months after writing the check, defendant returned the car with 19,000 miles on the odometer. She admitted at trial she knew she did not have sufficient funds in her account to satisfy the $5,000 check when she wrote it. The Second Circuit found the evidence sufficient to prove beyond a reasonable doubt that de
 
 *140
 
 fendant intended to defraud Twin City. Defendant’s assignment regarding the State’s proof of defendant’s knowledge was not addressed because it was not briefed.
 

 We find the State’s reliance on the above two cases is misplaced. In the instant case, funds sufficient to cover the $5,000 check were in the bank at the time the check was issued, and, according to bank records and testimony, remained there for several weeks after the issuance of the check. Although, at some point between the issuance of the check and its tender for payment, Collins withdrew $5,000, it was clearly because of a contract dispute between the parties. Unlike the defendants in
 
 Mosby
 
 and
 
 Washington,
 
 Collins did not receive a letter that would trigger the rebuttable presumption in La. R.S. 14:71(A)(l)(f), (2).
 
 [10]
 
 Allen admits he sent a certified letter to Collins at an incorrect address, even though he had the correct address on the check and the contract. Thus, the State had to prove, beyond |9a reasonable doubt, that Collins had the intent to defraud Allen without the benefit of the presumption in La. R.S. 14:71.
 

 The State has the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant’s guilt.
 
 [11]
 
 The State failed to prove that Collins knew at the time of issuance of the check that the account had insufficient funds. In fact, the evidence proves otherwise. Further, there is no evidence establishing that Collins knew when he issued the $5,000 check that he would then become dissatisfied with the work and go to the bank and remove the funds. Additionally, there is no evidence in the instant case that Collins intended to defraud Allen when he issued the check. It is clear from the testimony of both Collins and Allen that this is a contract dispute. Allen admitted he sent a letter to Collins about the NSF check to an incorrect address. We also note the testimony at trial was consistent with a breach of contract action, rather than a criminal prosecution. Both parties disagree with the extent of completion of the contract and the amount owed.
 

 Accordingly, we find that the evidence was insufficient under the
 
 Jackson
 
 standard to support the conviction. We reverse the conviction and sentence, enter a judgment of acquittal, and order Collins discharged.
 
 [12]
 

 REVERSED; JUDGMENT OF ACQUITTAL RENDERED
 

 [1]
 

 ; Although defense counsel made an oral motion to reconsider sentence, the record does not reflect that a written motion was filed. Since sentencing is not at issue in this appeal, we consider that issue to be abandoned and will neither consider it, nor remand the matter to the trial court for consideration.
 

 [2]
 

 . Documentation in the records confirms this testimony.
 

 [3]
 

 .
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 

 [4]
 

 . La. R.S. 15:438.
 

 [5]
 

 .State v. Mitchell,
 
 99-3342 (La. 10/17/00), 772 So.2d 78, 83.
 

 [6]
 

 . La. R.S. 14:71;
 
 State v. Washington,
 
 29,784 (La.App. 2 Cir. 9/26/97), 700 So.2d 1068, 1072.
 

 [7]
 

 .
 
 State v. Mosby,
 
 42,519 (La.App. 2 Cir. 5/18/07), 956 So.2d 843,
 
 writ denied,
 
 07-1457 (La. 1/7/08), 973 So.2d 731, 845.
 

 [8]
 

 . 42,519, pp. 1-3 (La.App. 2 Cir. 5/18/07), 956 So.2d 843.
 

 [9]
 

 . 29,784 (La.App. 2 Cir. 9/26/97), 700 So.2d 1068.
 

 [10]
 

 .The offender’s failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.
 

 [11]
 

 . La. R.S. 15:271.
 

 [12]
 

 . Because of our disposition in this case, it is unnecessary to discuss the second assignment of error or any errors patent found in the record.