STATE OF LOUISIANA

VERSUS

NICOLVA A. HARMON

NO. 19-KP-570

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-5460, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

September 09, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

<u>**CONVICTION AND SENTENCE AFFIRMED; REMANDED**</u>
  **SJW**
  **FHW**
  **JGG**

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler

COUNSEL FOR DEFENDANT/RELATOR,
NICOLVA A. HARMON
    Leloashia Taylor

**WINDHORST, J.**

Defendant, Nicolva A. Harmon, seeks review of her conviction and sentence for issuing a worthless check. For the reasons stated herein, we affirm defendant's conviction and sentence and remand with instructions.

**PROCEDURAL HISTORY**

On August 24, 2017, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Nicolva A. Harmon, with issuing a worthless check, in violation of La. R.S. 14:71, "in that she did issue a worthless check to Ray Brandt Nissan in the amount of $1,317.22." On November 2, 2018, the bill of information was amended, charging defendant with issuing a worthless check "in an amount less than $1,000.00," in violation of La. R.S. 14:71.

On December 4, 2018, defendant filed a motion to quash the bill of information, which the trial court denied. On December 17, 2018, the trial court held a bench trial and found defendant guilty as charged. Defendant was sentenced on January 14, 2019.

Defendant appealed her conviction and sentence. Upon supervisory review, this Court on May 22, 2019 reversed defendant's conviction, vacated defendant's sentence, and remanded the matter to the trial court for further proceedings. This Court found that as charged in the amended bill of information, defendant was entitled to a trial by judge or jury; however, defendant was not advised of her right to a jury trial before proceeding to a bench trial.

On June 17, 2019, the bill of information was amended again to charge defendant with issuing a worthless check "in an amount less than $500.00, class '4' misdemeanor," in violation of La. R.S. 14:71.

On October 25, 2019, defendant filed another motion to quash the bill of information, which the trial court denied. Thereafter, the trial court held a bench trial and found defendant guilty as charged.

19-KP-570                                          1

The trial court sentenced defendant to six months imprisonment in the Jefferson Parish Correctional Center, suspended, and placed defendant on twelve months active probation with forty hours of community service to be performed within the first ninety days of her probation. Defendant was further ordered to pay "court costs and fines" in the amount of $599.50, $125.00 commissioner fund fee, $2.00 indigent transcript fee, and a monthly $80.00 probation supervision fee. The trial court also ordered defendant to pay restitution in the amount of $1,317.22 to Ray Brandt Nissan in six equal payments.

Defendant filed a notice of intent seeking supervisory review of her conviction and sentence, which the trial court granted. This writ application followed.

**FACTS**

The following uncontradicted facts were elicited at trial. Defendant purchased an automobile from Ray Brandt Nissan ("Ray Brandt") in Harvey, Louisiana, on January 27, 2017. Subsequently, on or about March 3, 2017, defendant contacted Ray Brandt requesting assistance in changing her vehicle registration from Mississippi to Louisiana. Although Ray Brandt does not normally offer services for title work on previously purchased vehicles, it agreed to provide defendant with this service because she was a prior customer and a "military person." The taxes and fees are higher to title a vehicle in Louisiana and defendant agreed to pay the difference. She signed check No. 1068 to Ray Brandt for $1,317.22 on March 3, 2017. In return, Ray Brandt registered her vehicle in Louisiana.

Craig Pesses, the Finance Director for Ray Brandt at the time of the offense, testified that his company's records reflected that check No. 1068, dated March 3, 2017, was deposited on March 22, 2017 and a receipt was issued. Mr. Pesses testified that the delay of over two weeks from March 3 to March 22, 2017 was due to (1) a processing delay in the title department because title work for previously purchased vehicles does not take priority over requests for title work by customers

at the time of sale of newly purchased vehicles; or (2) defendant requesting that the check be held until a specific date. He testified that if a customer requests a check to be held and it is approved, then documentation of the hold would be placed in the file. However, he did not recall defendant requesting Ray Brandt to "hold" the check and there was no documentation in defendant's file that a check "hold" request was made by defendant. After the check was presented to defendant's bank, it was returned unpaid to Ray Brandt on March 28, 2017, for insufficient funds in defendant's personal checking account.

Mr. Pesses testified that Ray Brandt completed the UCC-1 form for defendant's vehicle registration in Louisiana. He stated that the completed UCC-1 form is required for processing a vehicle's registration in Louisiana. He testified that the form does not show the vehicle's registration; rather, it shows the intent of the dealership to register the vehicle. However, Mr. Pesses testified that based on his personal knowledge, defendant's vehicle was registered in Louisiana. Defendant did not present any contradictory evidence that the vehicle was not registered. He denied any discussions with defendant about not charging her title, taxes, and license fees because she was in the military.

Shantell Barrios, office manager for Ray Brandt, testified that when the check was returned due to insufficient funds, Ray Brandt attempted to collect the debt by sending a demand letter via certified mail, for which defendant signed on April 24, 2017. After more than thirty days during which defendant did not contact Ray Brandt, Ray Brandt provided the information to the Jefferson Parish District Attorney's Office ("the D.A.'s office") on May 31, 2017 to handle collection and/or prosecution. The D.A.'s office notified defendant through at least two mailings of the worthless check, and demanded payment of the debt on behalf of Ray Brandt

within ten days from the date of the letters. Defendant did not contact the D.A.'s office to pay the debt.[1]

The defense presented the testimony of Betty Koenig, an administrative assistant in the D.A.'s office's worthless check section. Ms. Koenig testified that she received defendant's file, which contained the returned check, a signed certified green card, and an affidavit, via mail correspondence from Ray Brandt. She further testified that the D.A.'s office does not typically charge a defendant with the crime of worthless checks if a check was held. However, she conceded that she was not an attorney and in questionable cases, she would refer the case to the district attorney who would make that determination.

At the conclusion of the trial, the trial court found defendant guilty of issuing a worthless check in violation of La. R.S. 14:71, finding:

> The State is required to prove that a check was issued for something of value. The State has proven that element beyond a reasonable doubt.

> Something of value. The check was issued in exchange for the registration of her car and the change of title from Mississippi to Louisiana. The statute further states that the exchange does not have to be contemporaneous with the issuing of the check. In this case it certainly was not.

> The intent to defraud is satisfied by the presumption that after ten days after having been noticed of non-payment of the check by certified mail, the check was not satisfied. It is a presumptive evidence of the intent to defraud.

## DISCUSSION

In her first, second, fourth, and fifth assignments of errors, defendant argues that there was insufficient evidence to find that she issued a worthless check in violation of La. R.S. 14:71.[2] Defendant contends that although all the elements of

---

[1] After the State rested, defendant moved for a judgment of acquittal, which the trial court denied.

[2] Because they contain common issues and components, defendant's first, second, fourth, and fifth assignments of error are addressed together. Defendant's first assignment of error contends the trial court erred in finding there was sufficient evidence that defendant issued a worthless check. Her second contends that the trial court erred in not requiring the state to prove beyond a reasonable doubt that

issuing a worthless check must be proven, jurisprudence has placed a stronger emphasis on whether the defendant issued a worthless check with the intent to defraud. She contends the State failed to prove this element. Defendant asserts that the State relied upon the presumptive intent to defraud provided in the statute. However, she contends that Mr. Pesses' testimony shows that Ray Brandt held the check, which is sufficient to rebut the presumption of intent to defraud. She argues that jurisprudence establishes that held checks do not constitute an intent to defraud because the alleged victim was put on notice that the check could not be paid at the time of issuance. Defendant also contends the State failed to establish she issued a check in exchange for something of value where there was no evidence that Ray Brandt sent any payment to the State of Louisiana for the registration of her vehicle. Defendant further asserts the State produced no evidence to establish that she knew she did not have sufficient credit with her banking institution to pay the check at the time of its issuance since no bank statements were introduced. Lastly, defendant argues the State failed to prove the crime charged because it used a check in excess of the amount charged.

The standard of review for determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt after viewing

---

defendant issued a workless check in an amount less than $500.00. Her fourth assignment of error asserts that the trial court erred in denying defendant her constitutional right to due process by applying the intent to defraud presumption in La. R.S. 14:71 as a mandatory presumption. Her fifth assignment of error claims that the trial court erred in denying defendant a presumption of innocence and due process of law.

the evidence in the light most favorable to the prosecution. State v. Flores, 10-651 (La. App. 5 Cir. 05/24/11), 66 So.3d 1118, 1122. "The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; thus, a reviewing court may impinge on the fact finder's discretion only to the extent necessary to guarantee the fundamental due process of law." State v. Casey, 99-0023 (La. 01/26/00), 775 So.2d 1022, 1034, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).

To obtain a conviction for issuing a worthless check, the State is required to prove beyond a reasonable doubt that: (1) defendant issued, in exchange for anything of value, whether the exchange is contemporaneous or not; (2) a check, draft or order for the payment of money upon any bank or other depository; (3) knowing at the time of the issuing that the account on which the funds are drawn has insufficient funds, and the defendant has insufficient credit with the financial institution on which the check is drawn to have the instrument paid in full on presentation; and (4) the instrument was issued with intent to defraud. State v. Collins, 11-485 (La. App. 5 Cir. 12/13/11), 81 So.3d 135, 138-139.

The proper inquiry under La. R.S. 14:71 A is whether a defendant knew that she had insufficient credit with the bank, not whether her actual monetary balance was sufficient to cover a check, draft, or order for payment issued by him. State v. Davis, 48,777 (La. App. 2 Cir. 02/26/14), 134 So.3d 1257, 1264, writ denied, 14-483 (La. 10/03/14), 149 So.3d 793; State v. Bond, 584 So.2d 1212 (La. App. 2 Cir. 1991). Although intent is a question of fact to be decided by the trier of fact, it need not be proven as a fact, but may be inferred from the circumstances. State v. Washington, 29,784 (La. App. 2 Cir. 09/26/97), 700 So.2d 1068, 1073.

Subparagraph A(2) of La. R.S. 14:71 creates a statutorily rebuttable and permissible presumption of the issuer's intent to defraud when the offender fails to pay the amount of the worthless check within ten days of the receipt of notification

by certified mail of nonpayment of the check sent to the address shown on the check or the address shown in the records of the bank on which the check was drawn. Davis, 134 So.3d at 1263. The presumption does not relieve the State of its burden of proving beyond a reasonable doubt the "intent" element, which is subject to the presumption, and the "knowledge" element, which is not subject to the presumption. Id.

The Louisiana Supreme Court has concluded that the presumption provided for in La. R.S. 14:71 is a permissive presumption since the trier of fact is free to accept or reject the inference it provides. State v. Lindsey, 491 So.2d 371 (La. 1986). The rebuttable presumption allows, but does not require, the trier of fact to find that the defendant possessed the intent to defraud based upon notification by certified mail and failure to pay within ten days. The presumption is valid only in cases where the evidence supports the inference it suggests. Lindsey, 491 So.2d at 376-377; See State v. Duffy, 51,734 (La. App. 2 Cir. 01/10/18), 245 So.3d 340, 344-345 (defendant's actions after issuing the check, certified letter and a lack of payment supported presumption under the statute); Washington, 700 So.2d at 1074 (defendant's actions after issuing the check supported the presumption under the statute); State v. Mosby, 42,519 (La. App. 2 Cir. 05/18/07), 956 So.2d 843, 846 (certified letter and a lack of payment supported the presumption under the statute).

The evidence established that on March 3, 2017, defendant issued a check to Ray Brandt in the amount of $1,317.22 to facilitate changing her vehicle's registration from Mississippi to Louisiana, which was deposited on March 22, 2017. A UCC-1 form for defendant's vehicle registration in Louisiana was completed and Mr. Pesses' uncontroverted testimony established that defendant's vehicle was registered in Louisiana. The check issued by defendant for payment of this service was returned to Ray Brandt for insufficient funds. Ray Brandt sent a demand letter to defendant, certified mail, informing her that the check had been dishonored for

insufficient funds and of the ten-day time frame in which she could pay in full, including a service charge. Defendant personally signed for the letter on April 24, 2017. There was no evidence adduced at trial that after defendant received this letter that she paid, or that she contacted Ray Brandt in an effort to pay the amount owed. The matter was assigned to the D.A.'s Office and defendant was provided with additional opportunities to pay the debt owed to Ray Brandt. Defendant failed to take any affirmative steps to pay the amount owed. We find the evidence is sufficient to establish the rebuttable presumption of fraud under the statute.

While Mr. Pesses confirmed that the check was not deposited immediately, he testified that the lapse of time was due to (1) a processing delay as title work for previously purchased vehicles does not take priority over title work requested with newly purchased vehicles; or (2) defendant requested the check be held. He testified that when a purchaser requests a check to be held and it is approved, documentation of the hold would be in the file. However, he could not recall defendant requesting a hold on the check, and there was no documentation in the file to suggest or show that defendant requested a hold on the check.

Regardless, mere speculation that the check was held does not indicate that there was such an agreement between defendant and Ray Brandt, and does not, on its own, negate the presumption of fraud. Not only did defendant not contact Ray Brandt after receiving notice of the returned check for insufficient funds, she also did not contact the D.A.'s Office or attempt to pay after receiving notice of the insufficient funds. Defendant's actions after issuing the check, and evidence of the certified demand letter and lack of payment are sufficient to establish the rebuttable presumptions. Accordingly, after viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found that defendant intended to defraud Ray Brandt.

19-KP-570                                          8

Defendant also argues that the State did not prove beyond a reasonable doubt the element of knowledge, *i.e.*, that defendant knew at the time of the issuing of the check that the account on which the check was drawn had insufficient funds, and that she had insufficient credit with the financial institution on which the check was drawn to have the instrument honored on presentation because her bank statements were not introduced at trial.

For purposes of establishing the knowledge element of the offense of issuing a worthless check, the proper inquiry is whether a defendant knew that he had insufficient credit with the bank, not whether his actual monetary balance was sufficient to cover a check, draft, or order for payment issued by him. See <u>Davis</u>, <u>supra</u>. Nevertheless, courts have reviewed a defendant's actual monetary balance in weighing whether the defendant had knowledge of insufficient credit. See <u>Collins</u>, <u>supra</u>; <u>Bond</u>, <u>supra</u>. However, in those cases affirmative evidence was submitted demonstrating that the defendant had a reasonable belief that there were sufficient funds in the account at the time of issuance. Here, there was no testimony that defendant had sufficient funds in her account at the time she issued the check, or that her bank typically extended her credit to cover overdrafts up to a certain amount. In contrast, the State submitted uncontroverted evidence and testimony to support its contention that defendant knew she had insufficient credit.

Even assuming, as argued by defendant, that she had requested Ray Brandt to hold the check, such a request shows that defendant knew she had insufficient funds at the time the check was issued on March 3, 2017. Likewise, it stands to reason that if Ray Brandt held the check until the date requested by defendant (March 22, 2017), there were still insufficient funds on that date to cover the check issued. Based on a review of the record, the evidence shows defendant knew she had insufficient funds, and there is no affirmative evidence to suggest that she knew or reasonably believed she had sufficient funds. Absent any evidence to the contrary

and after viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found that defendant knew she did not have sufficient funds or credit with her bank to cover payment to Ray Brandt.

Defendant further argues that the trial court erred in finding her guilty of issuing a worthless check in an amount less than $500.00 because the check was in the amount of $1,317.22, which is greater than the offense grade charged.

Regarding the State's burden, it must prove the essential elements of the crime, and as in other graded offenses, the State must also prove the value of the worthless check to determine the punishment. While defendant was originally charged with the felony violation found in La. R.S. 14:71 D, the State twice amended the bill of information to finally charge defendant with the misdemeanor offense of La. R.S. 14:71 E.[3] Thus, the State amended the charge to a lesser, but responsive grade of issuing a worthless check pursuant to La. R.S. 14:71. The State provided evidence showing that the amount of the worthless check issued by defendant was $1,317.22. Defendant argues that only when the greater grade of the offense has actually been charged can evidence of the greater offense support a conviction of a lesser included offense. We find this argument is without merit.

Here, while the greater grade of the offense was not the one charged, evidence sufficient to support a conviction of the greater grade of the offense will necessarily support a conviction of the lesser and included grade of the offense. We therefore find that the evidence produced and admitted at trial was clearly sufficient to support the verdict of guilty of issuing worthless checks in an amount less than $500.00.

In her third assignment of error, defendant contends she should have received a jury trial in this case because the check she issued was in the amount of $1,317.22.

---

[3] The law in effect at the time of the commission of the offense determines the penalty. State v. Sugasti, 01-3407(La. 06/21/02), 820 So.2d 518, 521-522 (footnotes omitted); State v. Harris, 02-873 (La. App. 5 Cir. 01/28/03), 839 So.2d 291, 292-94, writ denied, 03-0846 (La. 10/31/03), 857 So.2d 474.

She contends that because any amount over $1,000.00 constitutes a felony, she claims she was entitled to a jury trial of this matter.

As discussed above, defendant was charged with issuing a worthless check in an amount less than $500.00.  At the time of the offense, the charge of issuing worthless checks in an amount less than $500.00 was punishable by imprisonment for not more than six months, without the possibility of hard labor, and/or a fine of not more than five hundred dollars, making the offense charged a misdemeanor.  La. C.Cr.P. art. 933.[4]  Regardless of the greater amount or grade proven by evidence admitted at trial, defendant was charged with a misdemeanor for which she could be sentenced to not more than six months imprisonment without the possibility of hard labor, and a fine of not more than $500.00.  Thus, defendant did not have a right to a jury trial under statutory or constitutional law.  See La. R.S. 14:71 E, La. C.Cr.P. art. 779; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); State v. George, 229 So.2d 715 (La. 1969); See also, U.S. Const. amend. VI; La. Const. art. 1 §§16, 17.  Accordingly, this argument is without merit.

In her sixth assignment of error, defendant argues that her sentence is excessive and illegal because the court imposed a fine in excess of the amount authorized under La. R.S. 14:71 E.  Defendant also contends that her probation was ordered to be served for a period of twelve months, which is burdensome because it would require her to drive from her residence in Jackson Mississippi, to Louisiana. Defendant further argues that imposition of restitution was unwarranted where the State failed to prove she received anything of value from Ray Brandt.  Defendant

---

[4] Art. 933.  Offenses

Except where the context clearly indicates otherwise, as used in this Code:
(1)  "Offense" includes both a felony and a misdemeanor.
(2)  "Capital offense" means an offense that may be punished by death.
(3)  "Felony" means an offense that may be punished by death or by imprisonment at hard labor.
(4)  "Misdemeanor" means any offense other than a felony, and includes the violation of an ordinance providing a penal sanction.

contends the trial court failed to consider La. C.Cr.P. art. 894.1 upon imposing her sentence, which she argues was a harsher sentence than the one she received after her first trial of this matter.

The trial court sentenced defendant to six months imprisonment in the Jefferson Parish Correctional Center, suspended, and placed defendant on twelve months active probation with forty hours of community service to be performed within the first ninety days of her probation. Defendant was further ordered to pay "court costs and fines" in the amount of $599.50, the $125.00 commissioner fund fee, the $2.00 indigent transcript fee, and a monthly $80.00 probation supervision fee. The trial court also ordered defendant to pay restitution in the amount of $1,317.22 to Ray Brandt Nissan in six equal payments.

Defendant's counsel objected to the sentence only stating that "fines or fees in excess of five hundred dollars" should not be imposed. Defendant did not file a motion to reconsider. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only. State v. Taylor, 18-126 (La. App. 5 Cir. 10/17/18), 258 So.3d 217, 224, writ denied, 18-1914 (La. 05/20/19), 271 So.3d 200. Therefore, we find defendant is limited to a bare review of her sentence for constitutional excessiveness.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Mathis, 18-678 (La. App. 5 Cir. 04/03/19), 268 So.3d 1160, writ denied, 19-00731, 2019 WL 5783535, (La. 11/5/19); State v. Smith, 01-2574 (La. 01/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and

punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334 (La. App. 5 Cir. 09/28/04), 885 So.2d 618, 622.

The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. The relevant question on appellate review is not whether another sentence might have been more appropriate, but rather, whether the trial court abused its sentencing discretion. Id. Part of the abuse of discretion inquiry requires a court to consider the crime and the punishment given in light of the crime's harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. State v. Aguliar-Benitez, 17-361 (La. App. 5 Cir. 12/10/18), 260 So.3d 1247, 1262, writ denied, 19-0147 (La. 06/03/19), 272 So.3d 543.

Defendant was convicted of issuing a worthless check in an amount less than five hundred dollars, which at the time of the offense carried a penalty of imprisonment "for not more than six months or may be fined not more than five hundred dollars, or both." La. R.S. 14:71 E. As part of the sentence, the court is required to order restitution in the amount of the check, plus a fifteen dollar per check service charge payable to the person or entity that initially honored the worthless check. La. R.S. 14:71 G.

Defendant does not challenge her six-month suspended sentence as excessive but contends that her twelve-month probation is unduly burdensome given her residency in Mississippi. The trial court was not required to take into consideration her alleged out-of-state residency when sentencing defendant to probation. Further, the trial court imposed a sentence within the statutory mandates of La. R.S. 14:71 E and G. Although defendant argues that her sentence is illegal because the trial court imposed a fine in excess of five hundred dollars, the court in fact ordered defendant to pay "court costs and fines in the amount of five hundred and ninety-nine dollars and fifty cents." According to the misdemeanor schedule of court costs, fines, and

fees in the official record the trial court imposed a total of $599.50 for costs and fines, $349.50 of which were costs and $250.00 of which was a fine. Thus, we find the fine imposed is within the statutory limit. We also find defendant's argument that she should not be required to pay restitution to Ray Brandt because the State failed to prove she received anything of value from Ray Brandt is without merit as previously discussed.

Lastly, defendant's argument that her due process rights were violated when the trial court sentenced her to a harsher sentence than she originally received after her first trial in this matter is not considered because she failed to brief this argument and it is therefore deemed abandoned. See U.R.C.A., Rule 2-12.4; State v. Marie, 07-397 (La. App. 5 Cir. 11/27/07), 973 So.2d 780; State v. Fernandez, 03-987 (La. App. 5 Cir. 12/30/03), 864 So.2d 764.

Based on the foregoing, we find defendant's sentence is not constitutionally excessive or illegal. Accordingly, this argument is without merit.

**ERROR PATENT DISCUSSION**

Generally, an error patent review is not conducted on misdemeanor convictions. Nevertheless, this Court has considered a "misdemeanor appeal" as an application for supervisory review of the case and has conducted an error patent review. See State v. Jones, 12-640 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 443 n.4.

Thus, a review for errors patent according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990) was conducted with the information provided in the writ application. Based on the limited record contained in the instant writ application, the following requires corrective action.

According to the sentencing minute entry, the trial court sentenced defendant to imprisonment in the parish prison for a term of six months, the sentence was

suspended and defendant was placed on twelve months of "in house probation." The sentencing minute entry also provides that the trial court ordered defendant to report to "802 2nd Street to enroll for random drug screening."

The trial court neither ordered defendant to "in house" probation nor random drug screening. Whenever there is a discrepancy between the transcript and the commitment, the transcript generally prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Accordingly, we remand this matter to the trial court with instructions to correct the sentencing minute entry regarding these discrepancies. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892 B(2); State ex rel. Roland v. State, 06-224 (La. 09/15/06), 937 So.2d 846 (*per curiam*)).

**DECREE**

For the reasons stated herein, we affirm defendant's conviction and sentence and remand with instructions.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**19-KP-570**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
THOMAS J. BUTLER (RESPONDENT)          LELOASHIA TAYLOR (RELATOR)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(RESPONDENT)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053